1   KILPATRICK TOWNSEND & STOCKTON LLP
    DENNIS WILSON (Bar No. 155407)
2   DWilson@kilpatricktownsend.com
    9720 Wilshire Blvd PH
3   Beverly Hills, CA 90212-2018
    Telephone: 310-248-3830
4   Facsimile: 310-860-0363

5   KILPATRICK TOWNSEND & STOCKTON LLP
    R. Charles Henn Jr. (admitted Pro Hac Vice)
6   CHenn@ KilpatrickTownsend.com
    Charles H. Hooker III (admitted Pro Hac Vice)
7   CHooker@ KilpatrickTownsend.com
    Nichole Davis Chollet (admitted Pro Hac Vice)
8   NChollet@ KilpatrickTownsend.com
    1100 Peachtree Street, Suite 2800
9   Atlanta, GA 30309-4530
    Telephone: (404) 815-6500
10  Facsimile: (404) 815-6555

11  Attorneys for Plaintiff
    ADIDAS AG AND ADIDAS AMERICA, INC.
12

FILED
CLERK, U.S. DISTRICT COURT

JAN 30 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

13              UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16  ADIDAS AMERICA, INC., a           Case No. CV-13-7148-GW-VBK
    Delaware corporation, and ADIDAS
    AG, a German corporation,         **FIRST AMENDED COMPLAINT FOR:**
17
              Plaintiffs,             1. **COUNTERFEIT;**
18                                    2. **FEDERAL TRADEMARK**
        v.                               **INFRINGEMENT (15 U.S.C. § 1114);**
19                                    3. **FEDERAL UNFAIR**
    SOCCER AND SOCCER, INC., a           **COMPETITION;**
20  California corporation, SAGHIR    4. **UNFAIR AND DECEPTIVE TRADE**
    SPALL, individually and d/b/a        **PRACTICES;**
21  SOCCER AND SOCCER, MAPLE          5. **COMMON LAW TRADEMARK**
    SPORTS INC. a California             **INFRINGEMENT AND UNFAIR**
22  corporation, PREMIER SOCCER         **COMPETITION;**
    INC., a California corporation,   6. **FEDERAL TRADEMARK**
23  RICARDO RAMOS, individually and     **DILUTION (15 U.S.C. § 1125(c));**
    d/b/a PREMIER SOCCER. GLORY       7. **STATE TRADEMARK DILUTION**
24  TRADING INC, a California            **AND INJURY TO BUSINESS**
    corporation AND MARIO SPORTS. a     **REPUTATION; and**
25  California Corporation            8. **BREACH OF CONTRACT**

26            Defendants.             **DEMAND FOR JURY TRIAL**

27

28

                        **FIRST AMENDED COMPLAINT**

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendants Soccer and Soccer, Inc.; Saghir Spall, doing business as Soccer and Soccer; Maple Sports, Inc.; Premier Soccer Inc.; Ricardo Ramos, doing business as Premier Soccer; Glory Trading Inc.; and Mario Sports (collectively, "Defendants").

## I.    INTRODUCTION

1.    This is an action at law and in equity for counterfeiting, trademark infringement and dilution, injury to business reputation, unfair competition, and deceptive trade practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq.* (1994); the antidilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law.  This also is an action for breach of the settlement agreement between adidas and Defendants Premier Soccer Inc. and Glory Trading Inc.

2.    Defendants are offering for sale and selling apparel that bears counterfeit and/or confusingly similar imitations of adidas's federally registered Three-Stripe trademark (the "Three-Stripe Mark").  Defendants' apparel is not manufactured by adidas, and Defendants are not connected, affiliated, or associated with, or authorized by, adidas in any way.  Defendants merchandise is likely to cause consumer confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark.

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has subject matter jurisdiction over adidas's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

4.    This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have sold, distributed, or shipped infringing merchandise to persons within this State, have engaged in acts or omissions outside

1  of this State causing injury within this State, have manufactured or distributed
2  products used or consumed within this State in the ordinary course of trade, or have
3  otherwise made or established contacts with this State sufficient to permit the
4  exercise of personal jurisdiction.

5       5.    This District is the proper venue pursuant to 28 U.S.C. § 1391(b)(2)
6  because a substantial part of the acts or omissions giving rise to adidas's claims
7  occurred in this District.

8  ### III.   THE PARTIES

9       6.    Plaintiff adidas AG is a joint stock company organized and existing
10  under the laws of the Federal Republic of Germany, having its office and principal
11  place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of
12  Germany.

13       7.    Plaintiff adidas America, Inc. is a corporation organized and existing
14  under the laws of the State of Delaware, having its principal place of business at
15  5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. is wholly-
16  owned by adidas AG and its affiliates, and within this country adidas America, Inc.
17  is a licensed distributor of ADIDAS-brand merchandise, including goods bearing the
18  distinctive Three-Stripe Mark. adidas AG and adidas America, Inc., as well as any
19  predecessors or related entities, are collectively referred to as "adidas."

20       8.    On information and belief, Defendant Soccer and Soccer, Inc. is a
21  California corporation with a principal place of business at 305 Boyd Street, Los
22  Angles, California 90013.

23       9.    On information and belief, Defendant Saghir Spall is an individual
24  doing business as and under the name Soccer and Soccer. On information and belief,
25  Soccer and Soccer has its principal place of business at 305 Boyd Street, Los Angles,
26  California 90013. Collectively, Soccer and Soccer, Inc. and Mr. Spall are referred to
27  as "Soccer and Soccer."

28  ///

**FIRST AMENDED COMPLAINT**

1       10.    On information and belief, Defendant Maple Sports Inc. ("Maple

2   Sports") is a California corporation with a principal place of business at 326 Boyd

3   Street, Los Angles, California 90013.

4       11.    On information and belief, Defendant Premier Soccer Inc. is a

5   California corporation with a principal place of business at 325 South San Pedro

6   Street, Suites C - D, Los Angeles, California 90013.

7       12.    On information and belief, Defendant Ricardo Ramon is an individual

8   doing business as and under the name Premier Soccer. On information and belief,

9   Premier Soccer has its principal place of business at 325 South San Pedro Street,

10  Suites C - D, Los Angeles, California 90013. Collectively, Premier Soccer Inc. and

11  Mr. Ramon are referred to as "Premier Soccer."

12      13.    On information and belief, Defendant Glory Trading Inc. ("Glory

13  Trading") is a California corporation with a principal place of business at 325 South

14  San Pedro Street, Suite A-1, Los Angeles, California 90013.

15      14.    On information and belief, Mario Sports is a California corporation with

16  a principal place of business at 326 Boyd Street, Los Angeles, California 90013.

17      **IV.   FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18      15.    adidas is currently, and for years has been, one of the world's leading

19  manufacturers of athletic footwear, sportswear, and sporting equipment. Over sixty

20  years ago, adidas first placed three parallel stripes on its athletic shoes, and the

21  Three-Stripe Mark came to signify the quality and reputation of adidas footwear to

22  the sporting world early in the company's history.

23      16.    At least as early as 1967, adidas began using the Three-Stripe Mark on

24  apparel sold in the United States and worldwide. Pages from adidas catalogs

25  featuring apparel bearing the Three-Stripe Mark are attached as Exhibit 1.

26      17.    adidas is the owner of a federal trademark registration, Reg. No.

27  2,058,619, issued by the United States Patent and Trademark Office ("USPTO") on

28  May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure

- 4 -

**FIRST AMENDED COMPLAINT**

wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as Exhibit 2.

      18.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the USPTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as Exhibit 3.

      19.    adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the USPTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."

/ / /

/ / /

/ / /

**FIRST AMENDED COMPLAINT**



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as Exhibit 4

20.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the USPTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as Exhibit 5.

21.     adidas also owns numerous additional trademark registrations for the Three-Stripe Mark covering apparel (Reg. Nos. 870,136, 2,016,963, 2,284,308, 3,063,742, 3,063,745, 3,183,656, and 3,236,505). A copy of the Certificate of Registration for each of these marks is attached as Exhibit 6.

22.     In addition, adidas owns numerous additional trademark registrations for the Three-Stripe Mark covering footwear (Reg. Nos. 961,353, 1,815,956, 1,833,868, 2,278,589, 3,029,135, 3,029,129, 2,909,861, and 2,999,646), many of which are incontestable. A copy of the Certificate of Registration for each of these marks is attached as Exhibit 7.

- 6 -

23. adidas also owns federal registrations for verbal trademarks using the term "3 stripes" including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." A copy of the Certificate of Registration for this mark is attached as Exhibit 8.

24. The Three-Stripe Mark is well known and famous and has been for many years. adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of sports tournaments and organizations, as well as professional athletes and collegiate sports teams. adidas's Three-Stripe Mark is particularly well known among soccer fans and consumers of soccer apparel. For many years, adidas has been a sponsor of the World Cup soccer tournament and has sponsored many soccer players, including David Beckham and four-time FIFA Player of the Year Lionel Messi. adidas also has been the exclusive apparel provider for Major League Soccer, including the Chicago Fire and LA Galaxy, for numerous famous international club teams, including Bayern Munich and Real Madrid, and for many national soccer teams around the world, including Argentina, Spain, Mexico, and Germany. adidas's Three-Stripe Mark is prominently featured on all of its jerseys, examples of which are depicted below:



**Germany 2010 - Home Jersey**



**Spain 2008-2009 Away Jersey**

**FIRST AMENDED COMPLAINT**




**Bayern Munich – Home Jersey**     **Bayern Munich – Training Jersey**




**Real Madrid – Away Jersey**     **Real Madrid – Home Jersey**

25.     In addition to marketing and promoting apparel bearing its famous Three-Stripe Mark, adidas has used the mark in connection with sponsoring the world-famous Boston Marathon for more than two decades, and in sponsoring many other events, teams, and individuals, including the University of Notre Dame, the University of California at Los Angeles, the University of Nebraska, the University of Tennessee, NBA stars Tim Duncan, Dwight Howard, Damian Lillard, and Derrick Rose, 2012 NFL Offensive Rookie of the Year Robert Griffin III, professional golfer Sergio Garcia, and baseball star Ryan Howard. Prominent use of the Three-Stripe Mark in connection with these sponsorship activities has further enhanced the mark's recognition and fame.

///

**FIRST AMENDED COMPLAINT**

26. The Three-Stripe Mark is non-functional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's merchandise. Indeed, unsolicited media coverage has referred to "the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 27, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are also at Play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999). This is particularly true within the soccer arena. Indeed, "[a]s the leading seller of soccer shoes, Adidas AG has long been an official sponsor of the World Cup. And every four years, when the tournament rolls around, its shoe sales rise. But typically, counterfeiters -- primarily in China -- also spring into production." (*Corporate Counsel*, May 25, 2007). As another author has noted:

> The German soccer team sports the Adidas brand, while Brazil wears the logo of Beaverton, Ore.-based Nike Inc. Even the referee, the distinctive bald-headed Italian Pierluigi Collina, has appeared in an Adidas ad, and with more than one billion people worldwide expected to tune in to see Adidas' three stripes take on the Nike swoosh, branding doesn't get to be bigger than this. But the sort of exposure that Adidas has had through this World Cup over recent weeks has its downside. It has inspired counterfeiters to plaster the distinctive three stripes on everything they can think of . . .

Elizabeth Souder, "adidas Relishes World Cup Branding, As Do Counterfeiters," *Associated Press*, June 28, 2002.

27. For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with apparel and footwear. In recent

**FIRST AMENDED COMPLAINT**

years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States. The Three-Stripe Mark has achieved international fame and tremendous public recognition.

28.    Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark. As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

29.    As a result of adidas's extensive use and promotion of its Three-Stripe Mark, adidas has built up and now owns valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

## THE 2010 SETTLEMENT AGREEMENT BETWEEN
## ADIDAS AND PREMIER SOCCER

30.    In 2010, adidas discovered that Defendants Premier Soccer Inc. and Ricardo Ramos were offering for sale and selling apparel bearing two parallel stripes on the outer sleeves of soccer jerseys in a manner that infringed adidas's Three-Stripe Mark. True and correct photographs of the apparel at issue in that dispute are depicted below (the "2010 Premier Infringing Apparel"):

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**FIRST AMENDED COMPLAINT**













**FIRST AMENDED COMPLAINT**







31.     adidas filed a civil action against Premier Soccer and others in the United States District Court for the Central District of California on September 9, 2010, styled *adidas America, Inc. et al v. Vigafon Sports, Inc. et al.*, No. 2:10-cv-06702-OCW-PJW (the "2010 Lawsuit").

32.     To resolve the 2010 Lawsuit, adidas and Premier Soccer entered into a settlement agreement (the "2010 Premier Settlement Agreement"). A true and correct copy of the 2010 Premier Settlement Agreement is attached as Exhibit 9.

33.     In the 2010 Premier Settlement Agreement, Defendants Premier Soccer Inc. and Ricardo Ramos agreed, among other things:

> not [to] produce, manufacture, import, distribute, offer for sale, sell, advertise, promote, license, or market [2010 Premier Infringing

**FIRST AMENDED COMPLAINT**

Apparel], or any other product bearing the Three-Stripe Mark or any design, mark, or feature that is confusingly similar to the Three-Stripe Mark. By way of illustration, but not limitation, 'confusingly similar to the Three-Stripe Mark' includes (1) the Three-Stripe Mark with one additional stripe; or (2) the Three-Stripe Mark less one of the three stripes.

*See* Ex. 9 ¶ 4.1.

34.     Additionally, under the 2010 Settlement Agreement, Premier Soccer entered into a permanent injunction on consent (the "Permanent Injunction"). *See* Exhibit 2 to Ex. 9.

35.     This Court entered the Permanent Injunction against Premier Soccer on October 21, 2010. *See* Civil Action No. 2:10-cv-06702, ECF No. 29. A true and correct copy of that Order is attached as Exhibit 10.

## THE 2010 SETTLEMENT AGREEMENT BETWEEN
## ADIDAS AND GLORY TRADING

36.     In 2009, adidas discovered that Defendant Glory Trading was offering for sale and selling jerseys bearing three parallel stripes in a manner that infringed adidas's Three-Stripe Mark (the "2009 Glory Trading Infringing Apparel").

37.     adidas sent Glory Trading a letter requesting that it cease all sales of the 2009 Glory Trading Infringing Apparel.

38.     adidas and Glory Trading resolved the dispute by entering into a settlement agreement dated August 3, 3010 (the "2010 Glory Trading Settlement Agreement"). A true and correct copy of the 2010 Glory Trading Settlement Agreement is attached as Exhibit 11.

39.     In the 2010 Glory Trading Settlement Agreement, Glory Trading agreed, among other things

> not [to] produce, manufacture, distribute, sell, offer for sale, advertise, promote, license, or market the [2009 Glory Trading Infringing Apparel], or any other product bearing the Three-Stripe Mark or any design, mark, or feature that is confusingly

**FIRST AMENDED COMPLAINT**

similar to the Three-Stripe Mark. By way of illustration, but not limitation, 'confusingly similar to the Three-Stripe Mark includes (1) the Three-Stripe Mark with one additional stripe; or (2) the Three-Stripe Mark less one of the three stripes.

*See* Ex. 11 ¶ 3.1.

## V. DEFENDANTS' UNLAWFUL ACTIVITIES

40. On information and belief, Defendants have manufactured, imported, distributed, marketed, promoted, offered for sale, or sold in interstate commerce apparel bearing two or three stripes that constitute counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark and that are essentially knock-offs of authentic adidas soccer jerseys. For example, on information and belief, Defendants have manufactured, imported, distributed, marketed, promoted, offered for sale, or sold the following two- and three-stripe apparel, which in many instances are virtually identical replicas of the official adidas jerseys:

**Soccer and Soccer Apparel**



**FIRST AMENDED COMPLAINT**

 

## Maple Sports/Mario Sports Apparel

 

## Premier Soccer/Ricardo Ramos Apparel

 

**FIRST AMENDED COMPLAINT**








**Glory Trading Apparel**









**FIRST AMENDED COMPLAINT**



41.    On information and belief, all of the Defendants were familiar with the adidas Three-Stripe Mark when Defendants began manufacturing, importing, distributing, marketing, promoting, offering for sale, or selling the counterfeit and/or infringing apparel identified in this Complaint. On further information and belief, Defendants intentionally have marketed the counterfeit and/or infringing apparel to mislead and deceive consumers into believing that the apparel was produced by, originated from, or was authorized or licensed by adidas.

42.    The apparel manufactured, imported, distributed, marketed, promoted, offered for sale, or sold by Defendants is not manufactured by adidas, and the Defendants are not associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

43.    adidas used the Three-Stripe Mark extensively and continuously before Defendants began manufacturing, using, importing, distributing, marketing, promoting, offering for sale, or selling the counterfeit and/or confusingly similar imitations of adidas's apparel.

- 18 -

**FIRST AMENDED COMPLAINT**

44.     The apparel sold by Defendants is similar to, and competes with, goods sold by adidas, and the parties' goods are sold through overlapping channels of trade.

45.     Defendants' use of counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the apparel sold by Defendants is manufactured by, authorized by, or in some manner associated with adidas, which it is not. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of adidas's mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

46.     Defendants' activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Defendants' apparel at the point of sale or on a wearer are likely—due to Defendants' use of counterfeit and/or confusingly similar imitations of the Three-Stripe Mark—to mistakenly attribute the product to adidas. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendants' products. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

47.     On information and belief, Defendants continue to use counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark in connection with the sale of apparel that competes directly with apparel manufactured and sold by adidas. Defendants began selling these imitations well after adidas had established protectable rights in its Three-Stripe Mark, and well after the Three-Stripe Mark had become famous.

48.     On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used counterfeit and/or confusingly similar imitations of adidas's Three-Stripe Mark.

**FIRST AMENDED COMPLAINT**

# FIRST CLAIM FOR RELIEF

## (Counterfeiting)

49.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

50.     Defendants have knowingly manufactured, imported, distributed, marketed, promoted, offered for sale, or sold apparel that bears spurious marks that are identical to and substantially indistinguishable from adidas's Three-Stripe Mark.

51.     As a result of Defendants' manufacturing, importing, distributing, marketing, promoting, offering for sale, or selling of the apparel described above, Defendants are using counterfeit marks, as that term is defined in Section 34(d)(1)(B) of the Lanham Act, and Defendants are accordingly liable under the anticounterfeiting provisions of the Lanham Act.

52.     Defendants' use of spurious marks identical to or substantially indistinguishable from the Three-Stripe Mark violates 15 U.S.C. § 1114, and Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to adidas's goodwill and reputation as symbolized by its federally registered marks, for which adidas has no adequate remedy at law.

53.     Defendants are likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.  Additionally, pursuant to 15 U.S.C. § 1117(b), adidas is entitled to trebling of the greater of profits or damages, and to prejudgment interest.  Alternatively, pursuant to 15 U.S.C. § 1117(c), adidas is entitled to recover statutory damages for Defendants' willful use of counterfeit marks.

/ / /

/ / /

/ / /

**FIRST AMENDED COMPLAINT**

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)

54.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

55.     Defendants' use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by adidas, are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

56.     Defendants have used marks confusingly similar to adidas's federally registered Three-Stripe Mark in violation of 15 U.S.C. § 1114. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

57.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark to adidas's great and irreparable injury.

58.     Defendants have caused and are likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CLAIM FOR RELIEF

### (Federal Unfair Competition)

59.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

60.     Defendants' use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by

creating the false and misleading impression that Defendants' goods are manufactured or distributed by adidas, are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

61.     Defendants have made false representations, false descriptions, and false designations of their goods in violation of 15 U.S.C. § 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

62.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

63.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

64.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

65.     Defendants have been and are passing off their goods as those of adidas, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' goods; causing a likelihood of confusion as to Defendants' affiliation, connection, or association with adidas; and otherwise damaging adidas and the consuming public.  Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009);

Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

66.     Defendants' unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

67.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

68.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of adidas.  adidas has no adequate remedy at law for this injury.

69.     On information and belief, Defendants acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

70.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

- 23 -

71.     As a result of Defendants' acts, adidas has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of a counterfeit and/or confusingly similar imitation of adidas's Three-Stripe Mark, and the need to deter Defendants from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

72.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

73.     For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world.  The mark therefore had become a famous and well-known symbol of adidas and its products well before Defendants offered for sale the apparel identified in this Complaint.

74.     Defendants are making use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of the famous Three-Stripe Mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the Three-Stripe Mark, and otherwise lessening the capacity of the Three-Stripe Mark to identify and distinguish adidas's goods.

75.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark to the great and irreparable injury of adidas.

76.     Defendants have caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c).

**FIRST AMENDED COMPLAINT**

1  adidas therefore is entitled to injunctive relief and to Defendants' profits, actual
2  damages, enhanced profits and damages, and reasonable attorneys' fees under 15
3  U.S.C. §§ 1125(c), 1116 and 1117.

### SEVENTH CLAIM FOR RELIEF

**(State Trademark Dilution and Injury to Business Reputation)**

6      77.     adidas repeats and incorporates by reference the allegations in the
7  preceding paragraphs.

8      78.     adidas has extensively and continuously promoted and used the
9  registered Three-Stripe Mark both in the United States and throughout the world, and
10  the mark had thereby become a distinctive, famous, and well-known symbol of
11  adidas's goods and services well before Defendants offered for sale the apparel
12  identified in this Complaint.

13      79.     Defendants' unauthorized imitations of adidas's registered Three-Stripe
14  Mark dilute and are likely to dilute the distinctiveness of adidas's mark by eroding
15  the public's exclusive identification of this famous and well-known mark with
16  adidas, and tarnishing and degrading the positive associations and prestigious
17  connotations of the mark, and otherwise lessening the capacity of the mark to
18  identify and distinguish adidas's goods and services.

19      80.     Defendants are causing and will continue to cause irreparable injury to
20  adidas's goodwill and business reputation, and dilution of the distinctiveness and
21  value of adidas's famous Three-Stripe Mark in violation of the California
22  antidilution act, CAL. BUS. & PROF. CODE § 14247 (West 2009), as well as the
23  antidilution laws of several other states, including Alabama, ALA. CODE § 8-12-17
24  (2009); Alaska, ALASKA STAT. §45.50.180 (Michie 2009); Arizona, ARIZ. REV.
25  STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213
26  (2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware,
27  DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151
28  (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV.

**FIRST AMENDED COMPLAINT**

STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Oregon, O.R.S. § 647.107 (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009) Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009). adidas therefore is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

### EIGHTH CLAIM FOR RELIEF

**(Breach of Contract as to Defendants**

**Premier Soccer Inc. and Glory Trading Inc.)**

81.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

/ / /

82.     The 2010 Premier Settlement Agreement and the 2010 Glory Trading Settlement Agreement are valid contracts.

83.     The 2010 Premier Settlement Agreement and the 2010 Glory Trading Settlement Agreement were supported by adequate consideration.

84.     Premier Soccer and Glory Trading breached the respective settlement agreements when they manufactured, offered for sale, or sold the infringing apparel bearing two and/or three stripes in a manner confusingly similar to adidas's Three-Stripe Mark.

85.     Premier Soccer's and Glory Trading's breach of their contractual obligations has damaged adidas, and Premier Soccer' and Glory Trading's ongoing breach of the 2010 Premier Settlement Agreement and 2010 Glory Trading Settlement Agreement, respectively, is inflicting irreparable harm on adidas.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.     Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

   a. using adidas's Three-Stripe Mark or any other copy, reproduction, colorable imitation or simulation of the Three-Stripe Mark on or in connection with Defendants' products;

   b. using any trademark, logo, design, or source designation of any kind on or in connection with Defendants' goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to adidas's Three-Stripe Mark;

   c. using any trademark, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such

- 27 -

goods are produced or provided by adidas, are sponsored or authorized by adidas, or are in any way connected or related to adidas;

d.  using any trademark, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of adidas; and

e.  passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

2.  Defendants be ordered to recall and retrieve all products bearing the Three-Stripe Mark or any other confusingly similar variation thereof, which have been shipped by Defendants or under their authority, to any store or customer, including, but not limited to, any retail store, marketer, distributor, or distribution center, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

3.  Defendants be ordered to deliver up for impoundment and for destruction all apparel, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery, or other materials in the possession, custody, or under the control of Defendants that are found to adopt, use, feature, infringe, or dilute any of adidas's trademarks or that otherwise unfairly compete with adidas or adidas's products;

4.  Defendants be compelled to account to adidas for any and all profits derived by Defendants from the sale or distribution of counterfeit or infringing goods as described in this Complaint;

5.  adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.  Based on Defendants' knowing and intentional use of counterfeit and confusingly similar imitations of adidas's Three-Stripe Mark, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by

**FIRST AMENDED COMPLAINT**

15 U.S.C. § 1117(a) and (b);

7.    Defendants be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.    Based on Defendants' willful and deliberate counterfeiting, infringement, and/or dilution of adidas's marks, and to deter such conduct in the future, adidas be awarded punitive damages;

9.    Defendants be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

10.    adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED: January 30, 2014      Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:  /s/ Dennis Wilson
      DENNIS WILSON

Attorneys for Plaintiff
ADIDAS AG and ADIDAS AMERICA. INC.

**FIRST AMENDED COMPLAINT**